UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES VINCENT ADAMS,<br><br>                     Petitioner,<br><br>     v.<br><br>JEFFERY UTTECHT,<br><br>                     Respondent. | NO:  12-CV-0349-TOR<br><br>ORDER DISMISSING PETITION AS TIME-BARRED |

BEFORE THE COURT is Petitioner's Response to the Order to Show Cause why this action should not be dismissed as time-barred under 28 U.S.C. § 2244(d). Petitioner James Vincent Adams, a prisoner at the Coyote Ridge Corrections Center, is proceeding *pro se*; Respondent has not been served. Petitioner challenges a prison disciplinary action which resulted in the loss of 135 days good conduct time on February 4, 2008.

Mr. Adams has clarified that he appealed the disciplinary decision and according to Appendix B, ECF No. 11 at pg. 25, the Superintendent's Designee affirmed the disciplinary decision on February 28, 2008. Petitioner contends that,

ORDER DISMISSING PETITION AS TIME-BARRED -- 1

1  under state law, he had until February 26, 2009, to file a Personal Restraint Petition

2  (PRP).  He indicates that he did not file his PRP, a post-conviction collateral

3  attack, until two days prior to that deadline, presumably on February 24, 2009.

4        An inmate must seek federal habeas relief within one year after "the date on

5  which the factual predicate of the claim or claims presented could have been

6  discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1) (D).  As

7  stated above, Petitioner's administrative appeal became final on February 28, 2008.

8  *See Redd v. McGrath*, 343 F.3d 1077, 1080–83 (9th Cir.2003) (holding that §

9  2244(d)(1)(D) applies where a prison administrative decision is challenged, and is

10 triggered by the exhaustion of administrative remedies).  Consequently, the federal

11 limitations period began to run on February 29, 2008.  *See Patterson v. Stewart,*

12 251 F.3d 1243, 1244-46 (9th Cir. 2001).

13       The federal limitations period was not statutorily tolled until Petitioner filed

14 his PRP on February 24, 2009.  Therefore, Petitioner had only three days

15 remaining in the federal limitations period to file a habeas petition after the

16 Washington State Supreme Court issued its decision regarding the PRP on April

17 27, 2011.

18       Petitioner's arguments regarding the issuance of a Certificate of Finality are

19 irrelevant.  When Mr. Adams timely, though not expeditiously, filed his PRP on

20 February 24, 2009, 362 days of the federal limitations period had already expired.

ORDER DISMISSING PETITION AS TIME-BARRED -- 2

1  The federal limitations period resumed when the state appellate court concluded
2  review of the PRP, and fully expired three days thereafter.  Thus, even if
3  Petitioner's arguments had merit, the federal habeas petition, filed 365 days after
4  May 9, 2011, is untimely under 28 U.S.C. § 2244(d).  Petitioner presents no basis
5  to equitably toll the running of the federal limitations period.

6  Therefore, for the reasons set forth in the Order to Show Cause, ECF No. 7,
7  and based on Petitioner's clarification and documentation regarding the disciplinary
8  action, **IT IS ORDERED** the Petition is **DISMISSED with prejudice** as time-
9  barred under 28 U.S.C. § 2244(d).

10  **IT IS SO ORDERED.**  The District Court Executive shall enter this Order,
11  forward copies to Petitioner and **CLOSE** the file. The Court further certifies that
12  pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken
13  in good faith, and there is no basis upon which to issue a certificate of
14  appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

15  **DATED** this 6th day of September, 2012.

  *s/ Thomas O. Rice*
  THOMAS O. RICE
  United States District Court Judge

ORDER DISMISSING PETITION AS TIME-BARRED -- 3